[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-15856
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00096-CV-WLS-1

RODERICK B. JOLIVETTE,

Plaintiff-Appellee,

versus

JAMES ARROWOOD, Individually and in his official
capacity as Chief of City of Albany Fire
Department,
JAMES CARSWELL, Individually and in his official
capacity as Deputy Chief of City of Albany Fire
Department,
ARTHUR DYER, Individually and in his official
capacity as Battalion Chief of City of Albany Fire
Department,
CITY OF ALBANY, GA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(May 12, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Albany, Georgia Fire Chief James Arrowood, Assistant Fire Chief James Carswell, and Battalion Chief Arthur Dyer appeal the district court's denial of their motion for summary judgment based on its finding that they were not entitled to qualified immunity. The issues on appeal are whether we have jurisdiction to review the denial of qualified immunity, and if so, whether qualified immunity was properly denied.

## I.

Roderick Jolivette filed a lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. §§ 1981, 1983 against the City of Albany and his supervisors in the City of Albany Fire Department. Relevant to this appeal, Jolivette alleged race discrimination for failure to promote and retaliation stemming from his written complaint of discrimination to his superiors which was followed by a formal Equal Employment Opportunity Commission charge of discrimination against the City and his supervisors. The defendants filed a motion for summary judgment as to all claims, which the district court granted in part and denied in part. Relevant to this appeal, the district court denied summary judgment to the defendants on Jolivette's claims of: (1) race discrimination for

2

failure to promote asserted pursuant to Title VII and § 1983 and (2) retaliation asserted pursuant to § 1983.

The district court denied summary judgment on Jolivette's race discrimination claim because: (1) genuine issues of material fact as to whether Jolivette was qualified for a promotion to Battalion Chief precluded summary judgment and (2) the defendants' proffered inconsistent reasons for the failure to promote created a genuine issue of material fact regarding pretext. As to the retaliation claim, the district court reasoned that because Jolivette stated a prima facie case of retaliation and the defendants only proffered legitimate nondiscriminatory reasons for some, but not all of their actions, genuine issues of material fact precluded summary judgment as to the affirmative defense.

The district court granted Arrowood, Carswell and Dyer's (defendant supervisors) motion to dismiss the race discrimination claim asserted against them pursuant to Title VII, because individuals cannot be held liable under Title VII, and that part of the judgment is not at issue in this appeal. In the same order, the district court denied qualified immunity to the defendant supervisors as to the remaining claims against them—race discrimination and retaliation claims brought pursuant to § 1983.

Analyzing the qualified immunity defense, the district court found that "[a]s

3

discussed previously . . . it cannot be said as a matter of law Plaintiff did not suffer from racial discrimination in the promotional process and retaliation." Sept. 30, 2005 Order at 22. The court restated Jolivette's allegations that the defendant supervisors "denied him the opportunity to properly qualify for promotion by not allowing him to obtain the necessary courses and building a record of adverse disciplinary actions which they could then use to justify not promoting him." Id. It then found that the evidence taken in the light most favorable to Jolivette showed that the defendant supervisors "allowed white employees to take certification courses at the same time they denied him access" and "issued him punishments of more heightened severity and frequency than those issued white employees for similar conduct." Id. at 22–23. The court stated: "The right to be free from racial discrimination is a fundamental right" and "if the allegations prove true, then Defendants' actions violated this right. Because of this finding, there is no reason to analyze the qualified immunity issue further. Likewise, the right to be free from racial discrimination in one's employment is so 'clearly established' that it is axiomatic." Id. at 23. The district court denied summary judgment holding that the defendant supervisors were not entitled to qualified immunity from the § 1983 race discrimination and retaliation claims. This is the interlocutory appeal from that ruling.

## II.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). We review a district court's denial of a motion for summary judgment based on qualified immunity de novo, construing the facts in the light most favorable to the plaintiff. Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1266–67 (11th Cir. 2003).

## A.

The denial of a motion for summary judgment based on qualified immunity "is an immediately appealable collateral order, provided that it concerns solely the pure legal decision of (1) whether the implicated federal constitutional right was clearly established and (2) whether the alleged acts violated that law" under the "core qualified immunity analysis." Koch v. Rugg, 221 F.3d 1283, 1294–95 (11th Cir. 2000) (emphasis and internal quotation marks omitted). The appeal "must present a legal question concerning a clearly established federal right that can be decided apart from considering sufficiency of the evidence relative to the

5

correctness of the plaintiff's alleged facts." Id. at 1294. If the defendant "challenges only sufficiency of the evidence relative to a 'predicate factual element of the underlying constitutional tort,'" we have no jurisdiction. Id. at 1296 (quoting Dolihite v. Maughon ex rel. Videon, 74 F.3d 1027, 1033 n.3 (11th Cir. 1996)). Factual sufficiency issues are not immediately appealable because they "involve the determination of 'facts a party may, or may not, be able to prove at trial.'" Id. (quoting Johnson v. Jones, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156 (1995)). Thus, we may answer questions of law about whether a constitutional right was "clearly established" and whether the alleged acts violate that law, but we may not entertain challenges to the sufficiency of the evidence.

In this case, the defendant supervisors contend that the district court "failed to apply the appropriate analysis" because "rather than examining the circumstances or inquiring as to whether a reasonable official could have believed that Defendants' conduct was lawful under the particular facts of this case, the District Court jumped to the conclusion that Defendants were not entitled to qualified immunity . . . based upon the generalized statement that 'the right to be free from racial discrimination is . . . 'clearly established.'" Brief of Appellant at 39–40. To the extent that this is a contention that the right to be free from racial discrimination is not clearly established, we have jurisdiction to entertain the

6

question, but the defendants' contention is incorrect. The right to be free from racial discrimination in the employment context is clearly established. See e.g. Alexander v. Fulton County, Ga., 207 F.3d 1303, 1313, 1321 (11th Cir. 2000) (affirming a jury verdict of intentional employment discrimination by a black sheriff who made race-based employment decisions concerning white officers with respect to discipline, promotions, transfers, and reclassifications); Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1064 (11th Cir. 1992) (holding that illegality of intentionally discriminatory hiring and firing practices was a clearly established violation of the Equal Protection Clause); Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1478 (11th Cir. 1991) (recognizing a right under the Equal Protection Clause to be free from termination because of race).

The court did not fail to apply the appropriate analysis, because no reasonable official could believe that it is lawful to discriminate against an employee on the basis of race in the way that Jolivette alleges. Taking the evidence in the light most favorable to Jolivette, the district court found that the defendant supervisors' conduct violated the constitutional right to be free from racial discrimination in the promotional process. Jolivette made out a prima facie case of race discrimination in the promotional process. The only element of the prima facie case in dispute was whether Jolivette was qualified for the position of

7

Battalion Chief, and the district court concluded that a reasonable factfinder could find from the evidence either that he was de facto qualified for the position or, if he was not, that it was a result of defendant supervisors' refusal to allow him to take the requisite certification course. White employees were allowed to take the certification courses. The evidence, viewed in the light most favorable to Jolivette, also showed that the defendant supervisors "issued him punishments of more heightened severity and frequency than those issued white employees for similar conduct," which he contends was an effort to sabotage his chance for a promotion. Sept. 30, 2005 Order at 22–23. No reasonable official could believe that it is lawful to take such racially discriminatory actions against a person in his employment.

The rest of the defendants supervisors' arguments relate to the sufficiency of the evidence supporting Jolivette's claims. For example, defendant supervisors simply disagree with the district court's statement of the facts and make the factual contentions that Jolivette: (1) "was not qualified for the promotion"; (2) "was not subjected to racially discriminating discipline or scrutiny"; (3) "cannot establish that he was subjected to an adverse employment action"; (4) "cannot establish that Defendants treated similarly situated individuals outside his protected class more favorably"; (5) and "cannot demonstrate that Defendants' legitimate,

8

nondiscriminatory reasons for taking the alleged employment actions are pretextual." Brief of Appellant at iv–vi. All of these are sufficiency of the evidence contentions, and under our holding in <u>Koch</u> we lack interlocutory appellate jurisdiction to examine the sufficiency of the evidence. 221 F.3d at 1296. For that reason, we dismiss for lack of jurisdiction the defendants supervisors' appeal from the denial of qualified immunity on the race discrimination claim.

## B.

Defendant supervisors also contend that the district court erred in denying them summary judgment on qualified immunity grounds on Jolivette's retaliation claim. They are correct about that. We have held that "[t]he right to be free from retaliation is clearly established as a <u>first amendment</u> right and as a <u>statutory</u> right under Title VII; but no clearly established right exists under the <u>equal protection</u> clause to be free from retaliation." <u>Ratliff v. DeKalb County, Ga.</u>, 62 F.3d 338, 340 (11th Cir. 1995).

In this case, Jolivette contends that the defendant supervisors retaliated against him in violation of the Equal Protection Clause. Because we have held that no clearly established right exists under the Equal Protection Clause to be free from retaliation, even if the facts are that retaliation occurred, Jolivette cannot

9

demonstrate that the actions of the defendant supervisors violated that constitutional guarantee. The district court erred in denying qualified immunity to the defendant supervisors as to the § 1983 Equal Protection Clause retaliation claim.

We **DISMISS** the appeal as to the district court's denial of qualified immunity on the race discrimination claims, **VACATE** as to the denial of qualified immunity with respect to the retaliation claims, and **REMAND** for further proceedings consistent with this opinion.